Todd M. Friedman (SBN 216752)
Nicholas J. Bontrager (SBN 252114)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN FRIEDMAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TORCHMARK CORPORATION, UNITED AMERICAN INSURANCE COMPANY, and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. **'12CV2837 IEG  BGS**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Jordan Friedman ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

### NATURE OF THE CASE

1. Plaintiff brings this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Torchmark Corporation and United American Insurance Company ("Defendants"), in negligently, knowingly, and/or willfully placing sales, solicitations and/or other telemarketing calls to Plaintiff's residential telephone despite Plaintiff being registered with the National Do

Not Call Registry and in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in Virginia state. Plaintiff also seeks $500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the San Diego County.

## PARTIES

4. Plaintiff, JORDAN FRIEDMAN ("Plaintiff"), is a natural person residing in California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5. Defendant, Torchmark Corporation ("Defendant" or "Torchmark"), is a nationwide "holding company" specializing in life and supplemental health insurance for "middle income" Americans marketed through multiple distribution channels and is a "person" as defined by *47 U.S.C. § 153 (10)*.

6. Defendant, United American Insurance Company ("Defendant" or "United"), is a "major subsidiary" of Defendant Torchmark and operates in forty-nine (49) states selling, servicing and maintaining health, life and accident insurance policies for consumers nationwide.

**CLASS ACTION COMPLAINT**
-2-

7. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**FACTUAL ALLEGATIONS**

9. Beginning in or around October of 2012, Defendant United contacted Plaintiff on his residential home telephone, (310) 446-0740, in an effort to sell or solicit its services.

10. Specifically, Defendant United placed telephone calls to Plaintiff's home telephone utilizing a pre-recorded message inviting Plaintiff to contact Defendant United at (888) 269-7163 to attend a "recruiting webinar" on October 17, 2012 wherein Plaintiff could learn about Defendant United's products and services in order to sell said products and services to other Americans who are in need of health or other similar insurance policies.

11. Since October of 2012, Defendant United has placed no less than two (2) such telephone calls to Plaintiff's residential home telephone leaving identical messages as described above.

12. Plaintiff is not a customer of Defendant United services, have never provided any personal information, including his home telephone number, to Defendant for any purpose whatsoever, nor has Plaintiff purchased or used any goods or services offered by Defendant United at any time prior to the filing of the instant Complaint.

13. Furthermore, Plaintiff has had his home telephone number of (310) 446-0740 continuously registered with the National Do Not Call Registry since October 28, 2008.

14. Plaintiff is informed, believes and thereon alleges that Defendant United was acting as an agent and/or employee of Defendant Torchmark and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of Defendant Torchmark. As such, Plaintiff is informed and believes that each of the acts and/or omissions complained of herein by Defendant United was made known to, and ratified by, Defendant Torchmark. Thus, Defendant Torchmark is liable for all actions described above of its "major subsidiary", Defendant United.

15. All calls placed by Defendant United to Plaintiff utilized an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*.

16. All voice messages made by Defendant to Plaintiff utilized an "artificial or prerecorded voice" as defined by *47 U.S.C. § 227(b)(1)(A)*.

17. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

18. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who, within the four years prior to the filing of this Complaint, received any sales or solicitation telephone calls from Defendants to said person's telephone who had registered said telephone with the National Do Not Call Registry and who had not maintained a business relationship with Defendants within eighteen (18) months of receiving Defendants' calls

19. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who, within the four years prior to the filing of this Complaint, received any sales or solicitation telephone calls from Defendants to said person's telephone who had registered said telephone with the National Do Not Call Registry and who had not

maintained a business relationship with Defendants within eighteen (18) months of receiving Defendants' calls

20. Defendants, their employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

21. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

22. Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Class members via their personal telephones despite Plaintiff and The Class invoking their rights afforded by the National Do Not Call Registry to be free of unwanted telemarketing calls at their private residences, thus invading the privacy of said Plaintiff and Class members.

23. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendants made any sales or solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member who had registered his or her telephone on the Do Not Call Registry and who did not have a business relationship with Defendants within eighteen (18) months prior to receiving said calls;

    b.  Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

    c.  Whether Defendants should be enjoined from engaging in such conduct in the future.

24. As a person that received sales/solicitation calls from Defendants on a telephone number registered with the Do Not Call Registry and who had no previous business relationship with Defendants, Plaintiff is asserting claims that are typical of The Class.

25. Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions under the Telephone Consumer Protection Act.

26. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

27. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

28. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

### FIRST CAUSE OF ACTION
**Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

31. As a result of Defendants' violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

32. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

### FIRST CAUSE OF ACTION

**Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendants' violations of *47 U.S.C. §227, et seq.,* Plaintiff and the Class members are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)(B)*; and
- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 27th Day of November, 2012.

        LAW OFFICES OF TODD M. FRIEDMAN, P.C.

      By: s/Todd M. Friedman
         Todd M. Friedman
         Law Offices of Todd M. Friedman