Kent R. Keller (043463),
kkeller@bargerwolen.com
Larry M. Golub (110545),
lgolub@bargerwolen.com
Munish Dayal (268290),
mdayal@bargerwolen.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Defendants
Torchmark Corporation and
United American Insurance Company

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JORDAN FRIEDMAN**, individually, and on behalf of all others similarly situated,,<br><br>Plaintiffs,<br><br>vs.<br><br>**TORCHMARK CORPORATION, UNITED AMERICAN INSURANCE COMPANY**, and **DOES 1 through 10**, inclusive, and each of them,<br><br>Defendants. | **CASE NO.: 12-CV-2837 IEG (BGS)**<br>(Honorable Irma E. Gonzalez)<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BY UNITED AMERICAN INSURANCE COMPANY**<br><br>Date: February 19, 2013<br>Time: 10:30 a.m.<br>Dept: Courtroom 4D - 4th Floor<br><br>(Filed Concurrently with Response to Plaintiff's Objections to Request for Judicial Notice)<br><br>Complaint Filed: November 27, 2012 |

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

012 CV 2837 IEG (BGS)

# TABLE OF CONTENTS

**PAGE**

1. INTRODUCTION ..................................................................................................1

2. UNITED AMERICAN PROPERLY CHALLENGED THE COMPLAINT BY MEANS OF A MOTION TO DISMISS ............................2

3. PLAINTIFF'S CLAIM DOES NOT CONSTITUTE ANY VIOLATION OF THE TCPA ...................................................................................................4

   A. An Invitation to Learn about a Potential Job Opportunity is Not an "Unsolicited Advertisement" or a "Telephone Solicitation" Under the TCPA ...................................................................................................4

   B. The Decisions Relied Upon By Plaintiff Do Not Hold that an Invitation to Learn about a Potential Job Opportunity Violates the TCPA ...................................................................................................7

4. CONCLUSION ......................................................................................................9

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-i-

012 CV 2837 IEG (BGS)

# TABLE OF AUTHORITIES

**PAGE**

## Cases

*Ameriguard, Inc. v. University of Kansas Medical Center Research Institute, Inc.*, 2006 U.S. LEXIS 42552, at 3-4 (W.D. Mo. 2006) .................................................. 6

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1990) ............................ 2

*Consumer Prot. Corp. v. Neo-Tech News*, 2009 U.S. Dist. LEXIS 65093 (D. Ariz. July 16, 2009) ................................................................................................ 8

*Fairbanks v. Superior Court*, 46 Cal. 4th 56 (2009) .................................................. 4

*G.M. Sign, Inc. v. MFG.com, Inc.*, 2009 U.S. Dist. LEXIS 35291 (N.D. Ill. 2009) ................................................................................................ 7

*Green v. Anthony Clark Int'l. Ins. Brokers, Ltd*, 2009 U.S. Dist. LEXIS 72500 (N.D. Ill. 2009) ................................................................................................ 8

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) ..................................... 2

*Kenro, Inc. v. Fax Daily*, 962 F. Supp. 1162 (S.D. Ind. 1997) .................................. 8

*Lutz Appellate Services, Inc. v. Curry*, 859 F. Supp. 180 (E.D. Pa. 1994) .................................................................................... 2, 4, 5, 6, 8

*Minnesota v. Sunbelt Communs. & Mktg.*, 282 F. Supp. 2d 976 (D. Minn. 2002) ................................................................................................ 8

*N.B. Industries v. Wells Fargo & Co.*, 2010 U.S. Dist LEXIS 126432 (N.D. Cal. 2010), *aff'd*, 465 Fed. Appx. 640 (9th Cir. 2012) .......................... 2, 6

*Phillips Randolph Enterprises, LCC v. Adler-Weiner Research Chicago, Inc.*, 526 F. Supp. 2d 852 (E.D. Ill. 2007) .................................................................... 6

## Statutes

Cal. Civil Code, section 1750 *et seq.* ........................................................................ 5

## Rules

Federal Rule of Civil Procedure 12(b)(6) ................................................................... 6

Federal Rule of Evidence 201 ..................................................................................... 3

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

# 1. INTRODUCTION

An invitation to learn about a potential job opportunity, whether by written media, fax or pre-recorded telephone message, is not a "telephone solicitation" or an "unsolicited advertisement" under the TCPA. Such notices do not encourage the recipient to purchase, rent or invest in any property, goods or services and therefore are not "telephone solicitations." Such notices do not advertise the "commercial availability" or quality of "any property, goods or services' and are not "unsolicited advertisements."

In this case – according to ***Plaintiff's own allegations*** – he received pre-recorded telephone messages on his residential telephone inviting him "to attend a 'recruiting webinar' . . . wherein Plaintiff could learn about Defendant United's products and services in order to sell said products and services to other Americans . . . ." Complaint, ¶¶ 10, 11. Despite Plaintiff's attempt to twist the TCPA to his purposes, the telephone messages did not offer to sell or advertise any property, good or service that was "available" to be purchased, rented or invested in by Plaintiff. All that was "available" was the chance for an insurance agent to learn about a potential job opportunity.[1] Accordingly, no violation of the TCPA exists in this case and United American's motion to dismiss should be granted.[2]

---

[1] United American requested the Court take judicial notice of Plaintiff's status as an insurance agent listed on the California Department of Insurance's website. Dkt. No. 5-1, pp. 2, 6. Plaintiff filed an Objection to this Request, yet "does not dispute the authenticity of the license print-out." Dkt. No. 10-1, p. 2:13-21. United American addresses this issue in its accompanying Response to Plaintiff's Objections.

[2] Plaintiff submitted a Non-Opposition to the Motion to Dismiss based on the Court's lack of jurisdiction filed by Defendant Torchmark Corporation. Dkt No. 11. Accordingly, whatever the ruling on United American's motion, Torchmark should now be dismissed from this action.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

## 2. UNITED AMERICAN PROPERLY CHALLENGED THE COMPLAINT BY MEANS OF A MOTION TO DISMISS

United American presented a straightforward motion to dismiss that demonstrated that, even with Plaintiff's cursory and cookie-cutter allegations,[3] a pre-recorded message extending an invitation to a recruiting webinar in order to learn about a potential job opportunity does not fall within the ambit of the TCPA. Plaintiff's first attack on the motion is to assert that United American has advanced "extrinsic evidence" to turn its motion to dismiss into a summary judgment motion. This contention is without merit.

As referenced in the moving papers, while the level of specificity required in a Complaint filed in federal court need not be high, the court is not obligated to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, an action assuredly can be dismissed at the outset if the plaintiff fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Indeed, in the two cases most thoroughly discussed and relied upon by United American in the moving papers, the TCPA claims sought to be advanced there were both dismissed by Rule 12(b)(6) motions. *See Lutz Appellate Services, Inc. v. Curry*, 859 F. Supp. 180 (E.D. Pa. 1994), *N.B. Industries v. Wells Fargo & Co.*, 2010 U.S. Dist LEXIS 126432 (N.D. Cal. 2010), *aff'd*, 465 Fed. Appx. 640, 643 (9th Cir. 2012).

Plaintiff then contends that United American has improperly introduced "extrinsic evidence" (Opposition, pp. 4:26-5:17), an assertion easily disposed of and

---

[3] Plaintiff also objected to United American's Request for Judicial Notice in that United American referenced four recent complaints filed in the Southern District by Plaintiff's counsel alleging TCPA violations. United American addresses this issue as well in its accompanying Response to Plaintiff's Objections.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-2-

012 CV 2837 IEG (BGS)

more fully addressed in the accompanying Response to Plaintiff's Objections to Request for Judicial Notice.

First, the fact that Plaintiff is a licensed insurance agent on the California Department of Insurance's website was properly presented to this Court – and, as noted in footnote 1 above, is conceded by Plaintiff's opposition brief. Second, the other basis for the Request for Judicial Notice was United American's passing and non-substantive reference to four other recent actions filed by Plaintiff's counsel, again wholly proper as the subject of judicial notice under Federal Rule of Evidence 201. Plaintiff's challenge to this issue, which United American advanced only to point out an irrelevant citation in the Complaint, is indicative of the Opposition's attempt to distract the Court from the actual issue in this motion – that a recorded telephone message extending an invitation to learn about a job opportunity is not prohibited by the TCPA.

Finally, Plaintiff's citation to two phrases used by United American in its moving papers – both of which derive directly from Plaintiff's allegations in paragraph 10 of his Complaint that the pre-recorded calls merely invited him to "attend a 'recruiting seminar'" so he [once again, now having admitted to being an insurance agent] could learn about an opportunity to sell United American's insurance policies "to other Americans" – demonstrates the transparent nature of this lawsuit. The Opposition objects to anything that undercuts its claims, even simple comments based on Plaintiff's own allegations that United American sought to recruit him to sell its insurance policies, and not that United American sought to sell him any property, goods or services.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-3-

012 CV 2837 IEG (BGS)

3. **PLAINTIFF'S CLAIM DOES NOT CONSTITUTE ANY VIOLATION OF THE TCPA**

   A. <u>**An Invitation to Learn about a Potential Job Opportunity is Not an "Unsolicited Advertisement" or a "Telephone Solicitation" Under the TCPA**</u>

The primary objective of the TCPA is to free telephone consumers from unwanted requests for money. Thus, a "telephone solicitation" is a call or message that encourages consumers to purchase, rent or invest in property, goods or services. In the same vein, an "unsolicited advertisement" is a call or message that advertises property, goods or services that are "available" for purchase, rental or investment. United American's message did none of this. Quite simply, there was no property, goods or services available for purchase, rental or investment by Plaintiff. All the call provided was the opportunity for Plaintiff to learn about United American with the possibility that this might result in an appointment as a United American insurance sales agent.

In *Lutz, supra,* 859 F. Supp. at 181, the court explained that a "company's advertisement of available job opportunities within its ranks is not the advertisement of the commercial availability of property." Plaintiff seeks to distinguish *Lutz* on the basis that in *Lutz* only the claim of "property" was involved, while in this case his complaint uses the buzzword "services." Opposition, p. 13:11-13. This distinction fails for two reasons. First, if the "service" refers to United American's life insurance products, no "service" is involved. As the California Supreme Court recently explained, the obligation "to pay money under a life insurance policy is not work or labor" and thus is not a "service." *Fairbanks v. Superior Court,* 46 Cal. 4th 56, 61 (2009). While United American acknowledges that *Fairbanks* involved an action alleging a claim under the California Consumer Legal Remedies Act, Civil Code

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

section 1750 *et seq.*, the conclusion that a contractual obligation to pay money is not a "service" is the same under either statute.

Second, if the "service" refers to marketing rather than the actual sale of the products, a fair reading of the two pertinent paragraphs of the Complaint – paragraphs 9 and 10 – demonstrates that the purported "services" being offered are the marketing of United American's insurance policies to third parties, not the offering of those policies to Plaintiff. Indeed, Plaintiff's own allegations reveal the lack of merit in the "service" distinction. Plaintiff alleges that the message was an "effort to sell or solicit its services." Complaint, ¶ 9. In fact, nothing was offered for sale nor was Plaintiff solicited to purchase any "service" from United American. Proving this point, Plaintiff goes on to allege that the purpose of the message was to "learn about Defendant United's products and services in order to sell said products or services to other Americans . . ." Complaint, ¶ 10. In short, Plaintiff was not being asked to purchase any "service." If any goods or "services" were to be sold, it would be to others, in the event Plaintiff was ultimately appointed as an agent to represent United American.

Plaintiff further tries to distinguish *Lutz* on the basis that the case involved an offer of employment while United American's message was only an offer that "***might*** result in his appointment*" as an agent (Opposition, p. 13:27-28 n.10 (emphasis by Plaintiff)), but this is not different from the offer in *Lutz*. In the *Lutz* case, the fax stated that the company "IS NOW HIRING," which, of course, did not promise that any one who replied would be hired. *Lutz, supra* at 181. Rather, like this case, there was merely an offer to explore the possibility of a future position.

In his Opposition, Plaintiff concedes that "the prerecorded messages here did not expressly refer to the sale of goods or services." Opposition, pp. 8:26-9:1. While

-5-

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Plaintiff seeks to soften this admission by asserting some un-alleged "good faith and belief" that United American wanted to make money from sales by newly appointed agents, in that sense United American is no different from any other insurance company (or any other business, for that matter). The hope that a new agent will make money for himself and United American, however, does not convert something that unquestionably is an invitation to learn about a potential job opportunity into a violation of the TCPA.

In *N.B. Industries, supra,* 2010 U.S. Dist. LEXIS 126432 at 30-31, the court compared "a notice of employment opportunities" to an application for benefits or a bid for a construction project, finding that none of them were not unsolicited advertisements. To the same effect, in *Phillips Randolph Enterprises, LCC v. Adler-Weiner Research Chicago, Inc.,* 526 F. Supp. 2d 852, 853 (E.D. Ill. 2007), the court noted that a "fax advertising job openings" is "outside the scope of [the] TCPA."

Plaintiff argues in response that neither case involved situations as to the commercial availability or solicitation of property, goods or services (Opposition, pp. 12:12-13:2), but United American never argued that they did. Rather, United American noted that the courts in these cases explained that notices of employment opportunities or advertised job opening were obvious examples of a message or call that is not an "unsolicited advertisement." To the same effect, in *Ameriguard, Inc. v. University of Kansas Medical Center Research Institute, Inc.,* 2006 U.S. LEXIS 42552, at 3-4 (W.D. Mo. 2006), a case involving a message announcing a clinical drug trial, the court noted a "fax announcing existence of job openings" as an example of a message that is not an "unsolicited advertisement." Moreover, just like the courts in *Lutz* and *N.B. Industries,* the district court in *Ameriguard* dismissed the claim on a Rule 12(b)(6) motion.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-6-

012 CV 2837 IEG (BGS)

All these cases are consistent in declaring that messages involving job openings or opportunities are not unsolicited advertisements within the scope of the TCPA. Missing from Plaintiff's Opposition is any case in which similar overtures regarding job opportunities were found to fall within the ambit of the TCPA. Instead, Plaintiff relies on cases involving free seminars serving as a pretext for advertising commercial products and services *to attendees*, promotions of for-fee training courses and other situations unlike United American's invitation to learn about a potential job opportunity. We discuss those cases below.

### B. The Decisions Relied Upon By Plaintiff Do Not Hold that an Invitation to Learn about a Potential Job Opportunity Violates the TCPA

Plaintiff argues that "[p]lugging a stock and potential profits is an advertisement." Opposition, p.10:6-8. No doubt true, but irrelevant to this case. To the same effect, Plaintiff notes that a "free online marketplace for buying and selling goods" (Opposition, p. 10:9-11) has been found to be a possible TCPA violation, but fails to explain that the court reached this conclusion because, while the marketplace was without charge, it was "intended to induce the recipient to take advantage of the commercial availability or quality of goods and services in that forum." *G.M. Sign, Inc. v. MFG.com, Inc.,* 2009 U.S. Dist. LEXIS 35291 at 7 (N.D. Ill. 2009). Similarly, free lunch seminars involve the same issue – the availability of services or goods for purchase. Plaintiff is incorrect when he argues that such online marketplaces and other forms of advertising that promote goods and services are "akin" (Opposition, p. 10:15-18) to the invitation to a recruiting webinar to learn about a potential job opportunity that was the subject of United American's pre-recorded message – and he has presented no case that supports this strained argument.[4]

---

[4] While the point is made in distinguishing the above-discussed cases, the other decisions cited by Plaintiff at pages 9-12 of the Opposition similarly do not support

Finally, Plaintiff argues that *Green v. Anthony Clark Int'l. Ins. Brokers, Ltd,* 2009 U.S. Dist. LEXIS 72500 (N.D. Ill. 2009), is much like this case, but a review of the facts reveals the opposite. In *Green,* the fax in relevant part stated: "Our firm Sierra Consulting has been retained by our confidential client to seek reputable and well-run General Insurance Agencies (Commercial and/or Personal Lines), that may be willing to sell or merge their business(s)." *Green, supra* at 2.

*Green* thus involved recipients who owned a business and were being offered a "service" for their business – and, of course, the defendants would have obtained a fee for functioning as the intermediary for that service. As the court explained, the fax received by the plaintiff "promoted the commercial availability of a service, namely the service of brokering a sale of an insurance agency." *Green, supra* at 6-7. Unlike *Green,* in this case the message had nothing to do with the sale or merger of an existing business. Rather, reduced to its essence, Plaintiff was merely invited to learn about the possibility of becoming a sales agent to represent United American. As *Lutz, N.B. Industries, Phillips Randolph Enterprises* and *Ameriguard* all declare, an overture regarding a job opportunity does not violate the TCPA.

---

the application of the TCPA to United American's recorded message extending an invitation to learn about a potential job opportunity. For example, *Kenro, Inc. v. Fax Daily,* 962 F. Supp. 1162, 1171 (S.D. Ind. 1997), plainly involved commercial advertisements, as the court explained that the faxed ads attached to the complaint "contain approximately 30 to 50 percent advertising," despite the fact that the faxes also contained jokes, editorial letters, and other material. To the same effect, in *Consumer Prot. Corp. v. Neo-Tech News,* 2009 U.S. Dist. LEXIS 65093, 7-8 (D. Ariz. July 16, 2009), there was no dispute that an advertisement was at issue, since the fax sent to the plaintiff "lists the share price and states that JYTO is a 'Strong Buy' and that it is 'ALREADY A WINNER.'" Finally, *Minnesota v. Sunbelt Communs. & Mktg.,* 282 F. Supp. 2d 976, 978 (D. Minn. 2002), involved a defendant whose only business was to fax its clients' advertisements to others' fax machines in Minnesota, and Sunbelt would seek to obtain clients by offering "several advertising packages to its clients. For $700, Sunbelt will fax 10,000 copies of an advertisement; for $1,200, it will fax 20,000 copies; for $2,000, it will fax 40,000 copies." In short, none of these diverse factual patterns is at all comparable to the invitation to learn about a potential job opportunity that is at issue in this present action.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Based on the array of irrelevant cases cited in the Opposition, Plaintiff has chosen to challenge United American's straightforward presentation by blurring the distinction between an effort by United American to sell or solicit its goods and services to Plaintiff (i.e., promote United American's goods and services to the called party over the phone) – **which did not happen** – and an effort by United American to invite Plaintiff to a "recruiting webinar" that would help United American (or Plaintiff acting on United American's behalf) market United American's policies to third parties. The case law addressed above is clear that the TCPA *only applies* to the former scenario, which is not what occurred in the pre-recorded calls made to Plaintiff. Accordingly, Plaintiff possesses no viable claim under the TCPA, and this determination can be made on a motion to dismiss, as has been done in numerous other cases.

### 4.   CONCLUSION

For the reasons stated above, United American's motion to dismiss should be granted.

Dated: February 12, 2013                                BARGER & WOLEN LLP


By:   /s/ Larry M. Golub
LARRY M. GOLUB
Attorneys for Defendants
Torchmark Corporation and United
American Insurance Company

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-9-

012 CV 2837 IEG (BGS)

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 633 West Fifth Street, 47th Floor, Los Angeles, California 90071-2043.

On **February 12, 2013**, I electronically filed the document(s) described as **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMIS BY UNITED AMERICAN INSURANCE COMPANY** on the interested parties in this action by the following means:

Todd M. Friedman, Esq.
Nicholas J. Bontrager, Esq.
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Drive #415
Beverly Hills, California 90211
Tel.: (877) 206-4741
Fax.: (866) 633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com

[ X ] **ELECTRONICALLY**

    [ X ] Electronically filed with the Clerk's office using the CM/ECF System which provides for the transmittal of a Notice of Electronic Filing to the above CM/ECF registrant.

[ X ] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at Los Angeles, California on **February 12, 2013**.

NAME: Anita Varela      *Anita Varela*
                                   (Signature)