1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                  **SOUTHERN DISTRICT OF CALIFORNIA**

8

| | |
|---|---|
| JORDAN FRIEDMAN, individually, and on behalf of all others similarly situated, | CASE NO.  12-CV-2837-IEG (BGS) |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | [Doc. No. 5] |
| TORCHMARK CORPORATION; UNITED AMERICAN INSURANCE COMPANY; DOES 1 THROUGH 10, inclusive, and each of them, | |
| Defendants. | |

9

10

11

12

13

14

15

16

17          Presently before the Court is Defendant United American Insurance

18  Company's ("Defendant") motion to dismiss Plaintiff Jordan Friedman's

19  ("Plaintiff") complaint for failure to state a claim.  [Doc. No. 5, <u>Def.'s Mot. to</u>

20  <u>Dismiss</u> ("<u>Def.'s Mot.</u>").]  For the following reasons, the Court **GRANTS** the

21  motion.

22                              **BACKGROUND**

23          Plaintiff alleges that Defendant is a major subsidiary of Torchmark

24  Corporation,[1] and sells, services, and maintains health, life, and accident insurance

25  policies for consumers.  [Doc. No. 1, <u>Compl.</u> ¶ 6.]  Plaintiff states that in or around

26  October 2012, Defendant contacted Plaintiff on his residential home telephone

27

28  ---
    [1] The Court previously dismissed Torchmark Corporation from this action for lack of
    jurisdiction.  [Doc. No. 17.]

using a pre-recorded message.  [Id. ¶¶ 9-10.]  The message invited Plaintiff to contact Defendant at a specific phone number to attend a "recruiting webinar" on October 17, 2012 "wherein Plaintiff could learn about [Defendant's] products and services in order to sell said products and services to other Americans who are in need of health or other similar insurance policies."  [Id. ¶ 10.]  Plaintiff alleges that Defendant "placed no less than two . . . such telephone calls to Plaintiff's residential home telephone leaving identical messages . . . ."  [Id. ¶ 11.]

Plaintiff states that the calls placed by Defendant used an "automatic telephone dialing system."  [Id. ¶ 15.]  Plaintiff also alleges that the voice messages left by Defendant used an "artificial or pre[-]recorded voice."  [Id. ¶ 16.]  Plaintiff further alleges that Defendant's calls were not for emergency purposes.  [Id. ¶ 17.] Plaintiff is not a customer of Defendant, and has never purchased or used any goods or services offered by Defendant.  [Id. ¶ 12.]  He also states that he has never provided any personal information, including his home telephone number, to Defendant, and that his home telephone number has been registered with the National Do Not Call Registry since October 28, 2008.  [Id. ¶¶ 12-13.]

Plaintiff filed the instant action on behalf of himself and others similarly situated on November 27, 2012.  The Complaint asserts only one cause of action for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.  [Id. ¶¶ 29-32.]  Defendant subsequently filed the present motion to dismiss, arguing that Plaintiff's sole cause of action fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  [Doc. No. 5, Def.'s Mot.]

## DISCUSSION

## I.   Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pleaded in the complaint as true, and must

construe them and draw all reasonable inferences from them in favor of the
nonmoving party.  <u>Cahill v. Liberty Mutual Ins. Co.</u>, 80 F.3d 336, 337-38 (9th
Cir.1996).  To avoid a Rule 12(b)(6) dismissal, a complaint need not contain
detailed factual allegations, rather, it must plead "enough facts to state a claim to
relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570
(2007).  A claim has "facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the defendant is liable for
the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing
<u>Twombly</u>, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely
consistent with' a defendant's liability, it stops short of the line between possibility
and plausibility of entitlement to relief.'" <u>Iqbal</u>, 556 U.S. at 1949 (quoting
<u>Twombly</u>, 550 U.S. at 678).

     "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to
relief' requires more than labels and conclusions, and a formulaic recitation of the
elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (quoting
<u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)) (alteration in original).  A court need
not accept "legal conclusions" as true.  <u>Iqbal</u>, 556 U.S. at 678. Despite the deference
the court must pay to the plaintiff's allegations, it is not proper for the court to
assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that
defendants have violated the . . . laws in ways that have not been alleged."
<u>Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters</u>,
459 U.S. 519, 526 (1983).

     Further, a court generally may not consider materials beyond the pleadings
when ruling on a Rule 12(b)(6) motion.  <u>United States v. Ritchie</u>, 342 F.3d 903,
907-08 (9th Cir. 2003).  However, a court "may take judicial notice of matters of
public record . . . as long as the facts noticed are not subject to reasonable dispute."

1

Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).[2]

2      As a general rule, a court freely grants leave to amend a complaint which has

3  been dismissed.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied

4  when "the court determines that the allegation of other facts consistent with the

5  challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co.

6  v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

7      **A.    Violation of the TCPA**

8      The TCPA provides:

9      It shall be unlawful for any person within the United States, or any
       person outside the United States if the recipient is within the United
10     States-- . . . to initiate any telephone call to any residential telephone line
       using an artificial or prerecorded voice to deliver a message without the
11     prior express consent of the called party, unless the call is initiated for
       emergency purposes or is exempted by rule or order by the Commission
12     under paragraph (2)(B) . . . ."

13  47 U.S.C. § 227(b)(1)(B).  47 U.S.C. § 227(b)(2)(B) states that the Federal

14  Communications Commission ("FCC") may exempt the following by regulation

15  when implementing this statute:  "calls that are not made for a commercial purpose,"

16  and "such classes or categories of calls made for commercial purposes as the [FCC]

17  determines . . . will not adversely affect the privacy rights that this section is

18  intended to protect; and do not include the transmission of any unsolicited

19  advertisement."  47 U.S.C. § 227(b)(2)(B).

20      "Pursuant to its delegated authority, the FCC has exempted from the general

21  prohibition on automated commercial calls those that both 'do[ ] not include or

22  introduce an unsolicited advertisement or constitute a telephone solicitation[,]' 47

23  C.F.R. § 64.1200(a)(2)(iii) (2011) (amended 2012), and do not adversely affect the

24  privacy rights of the called party, see In re Rules and Regulations Implementing the

25  Telephone Consumer Protection Act of 1991, Report and Order, 18 FCC Rcd.

26

27      [2] Because the Court resolves this motion to dismiss without consulting the documents for
    which judicial notice is sought, the Court declines to address the request for judicial notice.  [Doc. No.
28  5-1, Request for Judicial Notice.]

14014, 14095 ¶ 136, 2003 WL 21517853 (F.C.C. July 3, 2003)" ("2003 Report and Order "). Chesbro v. Best Buy Stores, L.P., 705 F.3d 913, 917 (9th Cir. 2012).

"'[U]nsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission...." 47 U.S.C. § 227(a)(5). The term "telephone solicitation" is defined by the TCPA as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227(a)(4). "Neither the statute nor the regulations require an explicit mention of a good, product, or service where the implication is clear from the context." Chesbro, 705 F.3d at 918.

"[A]pplication of the prerecorded message rule should turn, not on the caller's characterization of the call, but on the purpose of the message." 2003 Report and Order at 14098 ¶ 141 (footnote omitted); see also Chesbro, 705 F.3d at 918. Therefore, a court must "turn to the calls at issue to determine whether they demonstrate a prohibited advertising purpose." Id.

In Chesbro, the Ninth Circuit held that calls which "were aimed at encouraging listeners to engage in future commercial transactions with Best Buy to purchase its goods . . . constituted unsolicited advertisements [and] telephone solicitations" within the meaning of the TCPA. Chesbro, 705 F.3d at 919.

A Pennsylvania district court found that faxing unsolicited messages to a former employer seeking to hire away the former employer's current employees did not constitute "unsolicited advertisements" under the TCPA. Lutz Appellate Servs., Inc. v. Curry, 859 F.Supp. 180 (E.D. Pa. 1994). The Lutz court stated that "[a] company's advertisement of available job opportunities within its ranks is not the

12cv2837

advertisement of the commercial availability of property." Id. at 181.  Citing United States v. Knox, 32 F.3d 733 (3d Cir. 1994), which held that the words of a statute must be interpreted in accordance with their ordinary meaning unless the context indicates otherwise, the Lutz court explained that when "an employer places a 'help wanted' ad, no one speaks or thinks of it as a property solicitation or an offer of property." Lutz, 859 F.Supp. at 181.  The Lutz court concluded that the messages at issue were "not unsolicited 'material advertising the commercial availability or quality of any property, goods or services' within the ordinary meaning of those words of the [TCPA]." Id. at 181-82.  The court ultimately dismissed the plaintiff's complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Id.

Additionally, the FCC has issued a rule about calls regarding radio station and television broadcaster messages.  The FCC "concluded that if the purpose of the message is merely to invite a consumer to listen to or view a broadcast, such message is permitted under the rules as a commercial call that does not include or introduce an unsolicited advertisement or constitute a telephone solicitation." Leyse v. Clear Channel Broadcasting Inc., 697 F.3d 360, 371 (6th Cir. 2012) (quoting Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 70 Fed. Reg. 19330-01, 19335 (Apr. 13, 2005) ("2005 Rules and Regulations").  However, if the message encourages consumers to listen to or watch programming for which they must pay, such messages would be considered unsolicited advertisements.  2005 Rules and Regulations at 19335-36.

Defendant argues that Plaintiff fails to allege facts that constitute a violation of the TCPA because the pre-recorded calls made to Plaintiff's home were neither a "telephone solicitation" nor an "unsolicited advertisement."  [Doc. No. 5, Def.'s Mot. at 5.]  In its motion, Defendant does not dispute that the calls were pre-recorded and made to a residential telephone line without Plaintiff's prior express consent.  Plaintiff argues that "[b]ecause Defendant left pre[-]recorded voice

messages on . . . Plaintiff's landline telephone (which were not exempted by the FCC), and without prior express consent, Plaintiff states a claim against Defendant under the TCPA." [Doc. No. 10, Pl.'s Opp. at 8.]  Plaintiff contends that the calls were "a marketing tool designed to make Defendant money in the long run." [Id.]

In light of relevant case law and regulations, Defendant's calls to Plaintiff regarding the recruiting webinar constitute neither unsolicited advertisements nor telephone solicitations.  Regarding unsolicited advertisements, the Court finds persuasive the Lutz court's conclusion that an offer of employment is not "material advertising the commercial availability . . . of any property, goods, or services" within the ordinary meaning of those words of the TCPA.  47 U.S.C. § 227(a)(4); Lutz, 859 F. Supp. at 181-82.  The messages in the instant case inviting Plaintiff to attend a recruiting webinar wherein Plaintiff could learn about Defendant's products to potentially sell them [Doc. No. 1, Compl. ¶ 10] is similar to the offer of employment in Lutz.  Defendant's message was not aimed at encouraging Plaintiff to engage in future commercial transactions with Defendant to purchase its goods. See Chesbro, 705 F.3d at 919.  Rather, Defendant's message informed Plaintiff about a recruiting webinar that could have resulted in an opportunity to sell Defendant's goods, which is akin to an offer of employment.

Further, the FCC's 2005 Rules and Regulations, although pertaining to broadcasters, offer instructive guidance on the contours of "unsolicited advertisement."  The 2005 Rules and Regulations distinguish between messages that encourage consumers to listen to free broadcasts and messages that encourage consumers to listen to programming for which they must pay.  2005 Rules and Regulations at 19335-36.  The latter constitutes unsolicited advertisements, whereas the former does not.  Here, Plaintiff does not allege that the messages encouraged him to buy something.  Rather, Plaintiff states that the recruiting webinar "may have invited Plaintiff to attend for free" and was for the purpose of learning about selling Defendant's products to others.  [Doc. No. 1, Compl. ¶ 10; Doc. No. 10, Pl.'s Opp.

at 13.]  Therefore, the present situation is not analogous to the situation which constitutes unsolicited advertisements described in the 2005 Rules and Regulations where messages encourage consumers to listen to programming for which they must pay.  <u>See</u> Rules and Regulations 2005 at 19335-36.

Defendant's calls also do not constitute telephone solicitations because they were not made for the purpose of encouraging the purchase of property, goods, or services.  <u>See</u> 47 U.S.C. § 227(a)(4).  The Ninth Circuit has construed the language to mean that the messages were made for the purpose of encouraging the listener to engage in future commercial transactions with the caller to purchase property, goods, or services.  <u>Chesbro</u>, 705 F.3d at 919.  In the instant case, Plaintiff only alleges that the messages invited Plaintiff to learn about Defendant's products in order to potentially sell them to others.  [Doc. No. 1, <u>Compl.</u> ¶ 10.]

Accordingly, as Plaintiff fails to allege that the messages constitute unsolicited advertisements or telephone solicitations, he is unable to state a claim under the TCPA.

### CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's motion to dismiss for failure to state a claim.  Plaintiff is **GRANTED** twenty-one (21) days from the date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading set forth above.

**IT IS SO ORDERED.**

**DATED:**  April 16, 2013

**IRMA E. GONZALEZ**
**United States District Judge**

12cv2837