Kent R. Keller (043463),
kkeller@bargerwolen.com
Larry M. Golub (110545),
lgolub@bargerwolen.com
Munish Dayal (268290),
mdayal@bargerwolen.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for
United American Insurance Company

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN FRIEDMAN, individually, and on behalf of all others similarly situated,,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED AMERICAN INSURANCE COMPANY, and DOES 1 through 10, inclusive, and each of them,<br><br>    Defendants. | CASE NO.: 12-CV-2837 IEG (BGS)<br>(Honorable Irma E. Gonzalez)<br><br>**REPLY MEMORANDUM IN SUPPORT OF UNITED AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:   June 17, 2013<br>Time:  10:30 a.m.<br>Dept:   Courtroom 4D - 4th Floor<br><br>Complaint Filed: November 27, 2012 |

i:\office\10766\002\13pleadings\replymemo4motion2dismiss_fac.doc

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

012 CV 2837 IEG (BGS)

## 1. INTRODUCTION

To paraphrase Sigmund Freud, "sometimes a job offer is just a job offer." No matter how Plaintiff seeks to twist the allegations in this case, disavow this Court's prior April 16, 2013 Order Granting Motion to Dismiss, or advance cases that have no applicability to the present situation, he cannot demonstrate that the prerecorded calls made to Plaintiff by United American were anything but an insurance company offering Plaintiff the opportunity to become an insurance agent. As this Court already found once, there was no "telephone solicitation" nor any "unsolicited advertisement" within the scope of the Telephone Consumer Protection Act ("TCPA")[1] or case law interpreting the TCPA.

In ruling on the prior motion, this Court concluded that United American's messages were "akin to an offer of employment" and therefore was not a violation of the TCPA. Nothing in the First Amended Complaint ("FAC") impacts that finding. Indeed, the sole revision in the FAC – paragraph 13 – makes it absolutely clear that the messages conveyed a potential job offer. Accordingly, United American's motion to dismiss Plaintiff's second attempt to state a claim under the TCPA should be granted without leave to amend.

While Plaintiff's opposition cannot avoid the dispositive issue of a job offer, Plaintiff seeks to avoid dismissal on meritless procedural grounds. First, Plaintiff argues that United American's request for judicial notice converts this motion into a summary judgment motion. United American has asked this Court to take judicial notice of two wholly non-controversial and indisputable facts: (1) that United American is an insurance company (and not an insurance "broker"); and (2) that the California Department of Insurance charges newly appointed life insurance agents a

---

[1] 47 U.S.C. § 227 et seq.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-1-

012 CV 2837 IEG (BGS)

fee for the appointment. Judicial notice is entirely proper – Plaintiff does not even challenge the request – on this motion to dismiss.

Second, Plaintiff argues that by United American not burdening this Court with a repeat of the arguments the Court agreed with in United American's first motion to dismiss, United American has waived any reliance on such arguments and presumably on this Court's prior order. To state this argument is to defeat it. Plaintiff's claim that United American's reliance on arguments it has made since Day One in this case constitutes raising new arguments in a reply brief is meritless.[2]

Accordingly, Plaintiff's attempt to resuscitate his TCPA claim that this Court rejected once fails because the single new paragraph added to the pleading does not change the nature of Plaintiff's claim, and therefore this motion should be granted without leave to amend.

2. **PLAINTIFF'S OPPOSITION VIRTUALLY IGNORES THIS COURT'S APRIL 16, 2013 ORDER AND MUCH OF THE PRESENT OPPOSITION SIMPLY REGURGITATES THE PRIOR OPPOSITION BRIEF ALREADY REJECTED BY THIS COURT'S PRIOR ORDER**

Reading the latest Opposition submitted by Plaintiff, one is left with a sense of déjà vu. The reason is simple – nearly the entirety of the current brief is lifted verbatim from the prior opposition brief filed February 5, 2013 [Dkt. No. 10.] This includes virtually all cases cited, almost every argument advanced, and even every

---

[2] Other than the *Rudgayzer* case discussed below, the only other new cases relied upon by plaintiff all deal with the raising of new arguments in a reply brief. None of these cases deals with reliance on arguments previously made in a successful motion to dismiss. For example, in *United States v. Romm*, 455 F.3d 990, 977 (9th Cir. 2006), the court refused to consider arguments raised "for the first time" in a reply brief, a situation far different from that of this case.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-2-

012 CV 2837 IEG (BGS)

heading contained in the Table of Contents. Attached to this Reply as Exhibit A is a copy of the current Opposition, highlighted to show what Plaintiff lifted from his own prior brief.

The fact that Plaintiff recycles his prior brief demonstrates that Plaintiff virtually ignored this Court's rejection of his previously asserted arguments and that this Court gave him leave only to "address[] the deficiencies of the pleading set forth above." [Dkt. No. 10 at 8:13-20.] Plaintiff did only one thing in response. He added paragraph 13. The only new part of his current Opposition is the limited argument with respect to paragraph 13. All of the other allegations that this Court found to be deficient remain in the FAC, and all of the arguments rejected by this Court's Order remain unchanged in the current Opposition.

United American addressed in the moving papers for this present motion why the mere allegations as to Plaintiff's adventure in perusing the United American website do nothing to undercut the fact that this case is all about making Plaintiff aware of a potential job opportunity. Indeed, as Plaintiff's unchanged paragraph 9 concedes – and this Court explicitly pointed out in its Order – "[t]he message invited Plaintiff to contact Defendant at a specific phone number to attend a 'recruiting webinar' on October 17, 2012 'wherein Plaintiff could learn about [Defendant's] products and services *in order to sell said products and services to other Americans* who are in need of health or other similar insurance policies.'" [Dkt. No. 10 at 2:1-4 (emphasis added).]

Plaintiff's undisguised attempt at a "reconsideration" of his prior rejected arguments should be disallowed.

### 3. THE ADDITION OF PARAGRAPH 13 DOES NOT DEMONSTRATE ANY VIABLE CLAIM UNDER THE TCPA

#### A. The *Rudgayzer* Decision Does Not Support Plaintiff's Claim

The sole new substantive decision cited in the opposition is *Rudgayzer & Gratt v. Enine, Inc.*, 779 N.Y.S.2d 882 (N.Y. App. Term 2004). The gist of that case was whether the TCPA unconstitutionally abridged the freedom of speech under the First Amendment. It did not. *Rudgayzer, supra* at 889-90. Plaintiff merely cites this case for the court's comment that, in assessing a TCPA violation, the court does not limit its "scrutiny to the four corners of the fax," but can look to such "factors as who the sender is, as well as his motives, purposes and intentions for sending the fax." *Rudgayzer, supra* at 885. Of course, in *Rudgayzer*, the two faxes at issue clearly involved defendants who were trying to sell products or services to consumers (one concerned a "strong buy" recommendation for a stock, and the other "influencing fax recipients to buy services, here, the implementation of ISO 9000"). *Id.* The defendant that sent the second fax urged that there was no TCPA violation because the fax only "mentions defendant's company name" and "invites calls for further information." To this argument, of course, the court held "that the subject fax pitches a product or service under the guise of providing information about it, and therefore proposes a commercial transaction, notwithstanding that the proposal in so many words would occur when the fax recipient calls the sender." *Rudgayzer, supra* at 885.

In contrast to *Rudgayzer*, the recording in the present case merely offers a job opportunity to an insurance agent. There is nothing further to scrutinize. One can try to "look behind" the recorded message and scour United American's website – the web address for which is not even provided in the recorded message – but the plain purpose of the message is to seek insurance agents to sell United American's insurance policies to others, not to Plaintiff.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Plaintiff's convoluted misdirection in paragraph 13 notwithstanding, paragraph 9 of the FAC, just like this Court observed as to paragraph 10 of the original Complaint, merely offered Plaintiff the opportunity to sell United American's "products and services to other Americans who are in need of health or other similar insurance policies." Dkt. No. 18, at 2:1-4. As a consequence, this Court concluded that:

> "[t]he messages in the instant case inviting Plaintiff to attend a recruiting webinar wherein Plaintiff could learn about Defendant's products to potentially sell them [Doc. No. 1, Compl. ¶ 10] is similar to the offer of employment in Lutz. Defendant's message was not aimed at encouraging Plaintiff to engage in future commercial transactions with Defendant to purchase its goods. See Chesbro, 705 F.3d at 919. Rather, Defendant's message informed Plaintiff about a recruiting webinar that could have resulted in an opportunity to sell Defendant's goods, which is akin to an offer of employment." Dkt. No. 18, at 7:11-18.

In short, Plaintiff's cursory citation to *Rudgayzer* is irrelevant, and all the other substantive cases repeated in the current Opposition were considered and rejected by the Court in its prior Order.[3]

---

[3] Plaintiff's only "new" citation to the FCC Rules is found immediately after the citation to *Rudgayzer*: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 10 FCC Rcd 12391, 12408, 1995 WL 464817, p. 4, ¶ 15 (1995) ("A call made by a telemarketer solely to determine whether a subscriber wishes to receive a telephone solicitation is, in effect, a solicitation from that telemarketer."). See Opp., at 12:4-8. As is plainly seen from the language quoted in the parenthetical, this reference merely makes the obvious point that a telemarketer call is a telemarketer call, and says nothing as to whether that call seek to sell the consumer the caller's good or services, which would fall within the TCPA, or is offering a job opportunity, which would not fall within the TCPA.

### B. United American is an Insurance Company

In paragraph 13 of the FAC, Plaintiff alleges that "Defendant is a health-insurance broker." In his Opposition, Plaintiff argues that Exhibit A to the unopposed Request for Judicial Notice (the California Department of Insurance website which lists United American as an insurer) "does not demonstrate" that United American "is not an insurance broker." Opposition at 16 n.9. Further, in paragraph 13 there is the allegation that United American was "encouraging individuals to invest money in its brokerage services . . . ." What those imagined "brokerage services" might be is not stated but the facts are, as alleged in paragraph 5 of the FAC, that United American is involved in "selling, servicing and maintaining health, life and accident insurance policies for consumers nationwide." In short, it is an insurance company not an insurer broker or agent. As an insurer, it sells insurance policies not to its agents but through its agents.

### C. The California Department of Insurance Requires Payment of a Fee for Any Agent Appointed with a New Insurer

Exhibit B to United American's Request for Judicial Notice is the fee schedule for the California Department of Insurance. When an insurer appoints a new agent, a "notice of appointment" fee must be paid. The payment of a fee to the Department of Insurance is not the purchase of property, goods or services of United American. Had Plaintiff become an agent for United American, then payment of the "notice of appointment" fee would have been required but this obviously is not the sale of "products to Plaintiff"[4] by United American.

---

[4] Opposition at 2:3-7. At footnote 5, page 11 of the Opposition, Plaintiff effectively concedes that the fees at issue are charged by the Department of Insurance. Moreover, since this Court can take judicial notice of the fee schedule maintained on the Department of Insurance's website, and Plaintiff has filed a non-opposition to the Request for Judicial Notice, this does not create any factual issue to avoid the present motion to dismiss.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-6-

012 CV 2837 IEG (BGS)

### D. United American's Messages were "Akin to an Offer of Employment"

In an effort to distinguish *Lutz Appellate Services, Inc. v. Curry*, 859 F. Supp. 180 (E.D. Pa. 1994), Plaintiff argues that there is a significant difference between an independent contractor and an employee. Opposition at 13:7-18. To the contrary, a job is a job and an offer of a job does violate the TCPA. Every employer expects that its employee will, through their work, justify their retention, and every insurer appointing a new agent expects that the agent will sell insurance policies. Plaintiff is an insurance agent – an independent contractor – who presumably values his present job and was offered the chance to increase his income as an agent working for United American. As this Court has found, United American's messages were "akin to an offer of employment" and thus did not violate the TCPA.

### 4. CONCLUSION

This Court provided Plaintiff the opportunity to remedy, if he could, the deficiencies found in his original complaint, but all he did was add one paragraph and recycle his prior opposition brief, the arguments of which this Court rejected. For the reasons stated above, United American's motion to dismiss should be granted without leave to amend and this action dismissed.

Dated: June 10, 2013

BARGER & WOLEN LLP

By: /s/ Larry M. Golub
LARRY M. GOLUB
Attorneys for Defendant
United American Insurance Company

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

-7-

012 CV 2837 IEG (BGS)